IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 1:17-CR-114 |
| vs. | |
| KIONTE TAYON HAWKINS, | |
| Defendant. | |

## REPORT AND RECOMMENDATION

Pending is the Defendant, Kionte Tayon Hawkins', *Pro Se Motion for Renewal of Disposition/Dismissal and/or Request for Evidentiary Hearing* (Doc. No. 164) and *Pro Se Motion for Renewal of Disposition/Dismissal* (Doc. 165). United States District Judge Michael Truncale referred the motions to the undersigned on August 16, 2023.[1] (Doc. No. 186.) The undersigned recommends denying both motions.

I.

On January 23, 2018, Hawkins pleaded guilty to Count One of the Superseding Indictment, which charged a violation of 18 U.S.C. § 1951 (Conspiracy to Interfere with Commerce by Robbery – Aiding and Abetting). He was ordered to serve 120 months' imprisonment, which ran consecutively with his imprisonment under any previous state or federal sentence, and a three year term of supervised release. (Doc. No. 143, p. 2, 3.) Hawkins asks the court to consider "correcting" his sentence, or in the alternative, conduct an evidentiary hearing to introduce additional facts.

---

[1] This motion is referred to the undersigned United States magistrate judge for review, hearing if necessary, and submission of a report with recommended findings of fact and conclusions of law. *United States v. Raddatz*, 447 U.S. 667, 681-84 (1980); *see also* 28 U.S.C. § 636(b)(1)(B).

1

II.

Once a sentence of imprisonment has been imposed, the court's authority to reduce or modify the sentence is limited. *Dillon v. United States*, 560 U.S. 817, 819 (2010); *United States v. Varner*, 948 F.3d 250, 253 (5th Cir. 2020). Pursuant to 18 U.S.C. § 3582(c), a district court is authorized to modify a previously imposed term of imprisonment only under the following circumstances: (1) when the court receives a motion from the Director of the Bureau of Prisons ("BOP"), or under certain circumstances, a motion from the defendant, indicating that there are extraordinary and compelling reasons warranting a reduction and that reduction is consistent with applicable policy statements issued by the Sentencing Commission; (2) when the district court, pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure, acting within 14 days after the imposition of sentence, wishes to correct an arithmetical, technical, or other clear error identified in a previously imposed sentence; (3) when the defendant has provided substantial assistance and the government moves for a sentence reduction; or (4) when the defendant has been sentenced to a term of imprisonment based upon a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c); *see United States v. Lopez*, 989 F.3d 327, 332 (5th Cir. 2021) ("Section 3582(c)(2) permits the discretionary modification of a defendant's sentence 'in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o),' so long as the 'reduction is consistent with applicable policy statements.'"); *United States v. Banks*, 770 F.3d 346, 348 (5th Cir. 2014); *see also United States v. Meza*, 620 F.3d 505, 507 (5th Cir. 2010).

Here, Hawkins has not advanced a potentially viable claim that would qualify under these narrow exceptions. Therefore, his request to modify his sentence should be denied.

III.

To the extent that Hawkins seeks collateral relief, he has already filed a habeas application under 28 U.S.C. § 2255, which was denied on September 21, 2022. *See Hawkins v. United States*, Case No. 1:19-cv-182 (E.D. Tex), Doc. No. 12. "Under 28 U.S.C. §§ 2244(b) and 2255(h), '[a] second or successive habeas application must meet strict procedural requirements before a district court can properly reach the merits of the application.'" *United States v. Clay*, 921 F.3d 550, 554 (5th Cir. 2019) (quoting *United States v. Wiese*, 896 F.3d 720, 723 (5th Cir. 2018)), *cert. denied*, 140 S. Ct. 866 (2020). Section 2255(h) provides:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> > (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> >
> > (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Section 2244(b)(3)(A), in turn, provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Before filing a successive § 2255 motion in this court, a movant must seek and obtain a certification from the United States Court of Appeals for the Fifth Circuit to permit this court to consider the successive motion. *See In re Hartzog*, 444 F. App'x 63, 64-65 (5th Cir. 2011) ("A movant's failure to seek authorization from this Court before filing a second or successive [petition] acts as a jurisdictional bar."); *In re Tatum*, 233 F.3d 857, 858 (5th Cir. 2000) (citing 28 U.S.C. §§ 2244(b)(3)(A), 2255) ("Before a successive 28 U.S.C. § 2255 motion may be filed in district court, the movant must obtain authorization from this court for the district court to

3

consider the movant's successive § 2255 motion."); *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) ("§ 2244(b)(3)(A) acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until this court has granted the petitioner permission to file one.").

Here, Hawkins previously filed a § 2255 motion, which was denied. The court, therefore, has no authority to provide a certification for Hawkins to file a successive § 2255 motion; rather, that is within the purview of the Fifth Circuit. *See* 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). Moreover, there is nothing in the record to indicate that Hawkins has either sought or received the proper authorization from the Fifth Circuit to file a successive § 2255 motion. Consequently, the undersigned lacks the jurisdiction to consider his request. *See Key*, 205 F.3d at 774; *United States v. Helmstetter*, No. CR 92-469, 2021 WL 2711089, at *3 (E.D. La. July 1, 2021) (declining to authorize the movant to file a second or successive § 2255 motion because the court lacked jurisdiction to do so).

## IV.

In sum, the court does not have the authority to modify Hawkins' sentence or grant additional relief pursuant to any relief sought pursuant to § 2255. *See Varner*, 948 F.3d at 253 (finding that the district court lacked jurisdiction to entertain a motion to correct or change a sentence unless it fell into one of the recognized categories of post-conviction motions set forth in FED. R. CRIM. P. 35 or 36 or in 18 U.S.C. § 3582(c)); *United States v. Castelan*, 73 F. App'x 80, at *1 (5th Cir. 2003) (holding that "[t]he district court is prohibited from modifying a term of imprisonment once it has been imposed except in certain limited circumstances") (citing *United States v. Early*, 27 F.3d 140, 141-42 (5th Cir. 1994)); *accord United States v. Jones*, 962 F.3d 1290, 1297 (11th Cir. 2020) ("A district court lacks the inherent authority to modify a term of

imprisonment."); *United States v. Ellis*, No. CR 15-124, 2020 WL 5073562, at *1 (E.D. La. Aug. 26, 2020) (citing *Early*, 27 F.3d at 141-42).

Accordingly, the undersigned recommends denying Hawkins' motions.

V.

Pursuant to 28 U.S.C. § 636(b)(1)(C), each party to this action has the right to file objections to this Report and Recommendation. Objections to this Report must (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, (3) be served and filed within fourteen (14) days after being served with a copy of this Report, and (4) be no more than eight (8) pages in length. *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CRIM. P. 59(b)(2); E.D. TEX. LOCAL R. CR-59(c). A party who objects to this Report is entitled to a *de novo* determination by the United States district judge of those proposed findings and recommendations to which a specific objection is timely made. 28 U.S.C. § 636(b)(1)(C); FED. R. CRIM. P. 59(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to *de novo* review by the United States district judge of the findings of fact and conclusions of law, *see Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States district judge, *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 19th day of October, 2023.

_____
Zack Hawthorn
United States Magistrate Judge